No. 846

First Circuit

---

LAVITTE v. JAMES DEGRESTINO

---

(October 7, 1931. Opinion and Decree.)

---

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

S. S. Reid, of Amite, attorney for defendant, appellee.

MOUTON, J. At his death, Peter Lavitte left two lots of ground in the town of Independence, each having a front on Railroad avenue of twenty-five (25) feet by one hundred and ten (110) feet deep; also a strip of land 15x50 feet west of the lots in the rear. There were two brick stores on the lots separated by a common wall.

His surviving widow, Mrs. Josephine De-misa Lavitte, and Joseph P. Lavitte, son of the deceased, inherited that property. In June, 1928, they made a partition of the property by notarial deed in about equal portions with the exception of the strip of 15x50 feet in the rear of the lots which was included in the portion assigned under the act of partition to Mrs. Josephine De-misa Lavitte, plaintiff herein. It is shown that the portion of the property deeded in the partition to Joseph P. Lavitte did not touch the strip of 15x50, above referred to, as there was a strip of land of about thirteen (13) feet intervening between his portion and the 15x50 strip included in the portion assigned to plaintiff, the thirteen (13) intervening feet being the property of Cason, another party. There is also no evidence in the record to show that Joseph P. Lavitte had any right of way or servitude over this strip belonging to Cason by which he could connect his property therewith.

After the partition was made, plaintiff sold by authentic act to defendant, James Degrestino, the portion she had received by the partition according to the description therein made, and which included the said strip of 15x50 in the rear of her lot.

Plaintiff alleges that when she sold to defendant she told him she was not selling that strip of 15x50, and never intended, nor did she sell this fractional portion in the rear of her property which was erroneously included in the deed by the notary under the description which he had taken from the act of partition, by which the property of her deceased husband had been divided between herself and her son, Joseph P. Lavitte.

She is therefore suing defendant to have the deed between them recast to exclude therefrom the aforesaid strip of land, 15x50, above referred to.

Judgment was rendered rejecting her demand, from which plaintiff prosecutes this appeal.

Ingonza, a witness for plaintiff, says defendant wanted the strip for chickens and to hang his wife's clothes. The proof is that it has little value except for such uses as the above indicates, making it therefore clear, as several witnesses testified, that it would be of value only to owners of land adjoining thereto. The fact is that Joseph Lavitte says he kept a copy of the act of partition and gave one to his mother, the plaintiff, an Italian who speaks no English, and says he did not explain the deed to her. It is fair to infer from such a statement that, as he gave no explanation of the deed to his mother, the strip in question was of little importance in the transaction, and naturally went to plaintiff, as it was in the rear of the lot assigned her, and to whom alone it would have any value.

The testimony of Mrs. Lavitte is, however, that she was under the impression that the strip in question belonged to her and her son in common, and that she intended to save this property for her son. She says at the time of the sale to defendant she was then under that impression and never intended that it should be included in the sale, and did not know it had been conveyed under the terms of the deed.

The proof is that the notary had Demisa, a brother of plaintiff, who writes and speaks English and Italian, to explain the sale to her in her own language before the contract was signed.

In giving her rebuttal evidence, plaintiff says her brother, Mr. Demisa, at the time

asked her what she intended to sell to defendant, and that she said "she agreed to sell the house"; also, that when, prior to the execution of the sale, she agreed to sell the property, her brother "explained she was selling the house."

Plaintiff had occupied the store prior to her husband's death and knew all about this strip in the rear portion of the building, and no doubt her brother did not ignore that fact. If according to her testimony she was selling only the house as understood by her and her brother at the time of the promise of sale, and when the sale was passed, it is almost impossible to believe that the strip in question would not have been excluded from the sale by her brother who understood English, and who must have been aware of the contents of the deed. It seems to us only fair to say that, if plaintiff was intent on saving the strip for her son, she would have had her brother make due reservation of the strip of land for the protection of her rights. It seems to us that if plaintiff was only selling the house, the reservation to which we have referred would have been made.

It appears that Mr. Cittadino, who owns property adjoining the strip, claimed it, and got into contention with defendant on the subject of its ownership. Plaintiff then asserted her rights of ownership thereto against both of these claimants, and agreed to sell the land to Cittadino if she recovered it in this suit. This is very probably the incentive that brought on these proceedings, as error in the sale to defendant was about the only plausible way to obtain a recovery of title that could be conveyed to Cittadino. Whether or not the proof justifies the inference that such might be the incentive behind this suit, we find, from our analysis of the evidence of plaintiff, hereinabove given, that it is altogether insufficient to overcome the recitals of the deed under which defendant acquired the land in contest, notwithstanding the evidence of witnesses for plaintiff who say that defendant offered to buy or rent the property, but which is all denied by defendant.

Evidently the court believed defendant, and was in our opinion correct in that conclusion, as his testimony is fully supported by the facts and circumstances of the case to which we have referred in the course of this opinion.